Filed 11/21/24  In re R.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re R.A., a Person Coming Under the Juvenile Court Law. | C100870 |
| THE PEOPLE, | (Super. Ct. No. JV141773) |
| Plaintiff and Respondent, | |
| v. | |
| R.A., | |
| Defendant and Appellant. | |

Appointed counsel for minor R.A. asked this court to review the record and determine whether there are any arguable issues on appeal, pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Finding no arguable error that would result in a disposition more favorable to R.A., we will affirm the judgment.

1

BACKGROUND

A.    *Initial Petitions*

In April 2022, the People filed a five-count petition alleging, for reasons not relevant to our disposition, that the minor came within the jurisdiction of the juvenile court pursuant to Welfare and Institutions Code section 602.[1]  Minor was detained and found ineligible for deferred entry of judgment under section 790.  On May 12, 2022, minor was released home on electronic monitoring.  Minor's detention was downgraded to home supervision on August 2, 2022.  Minor subsequently denied the allegations in the petition.

On October 7, 2022, the People filed a single-count petition alleging minor came within the jurisdiction of the juvenile court pursuant to section 602.  Minor was detained and found ineligible for deferred entry of judgment.  Minor denied the People's allegations; minor remained in custody in "[j]uvenile [h]all."

On October 24, 2022, the People filed an eight-count petition alleging minor came within the jurisdiction of the juvenile court pursuant to section 602.  Custody of minor was continued, he was detained, and on October 25, 2022, he denied the People's allegations.  Again, the juvenile court found minor was not eligible for deferred entry of judgment.

In November 2022, the People filed a two-count petition alleging minor came within the jurisdiction of the juvenile court pursuant to section 602.  Minor was detained and found ineligible for deferred entry of judgment; he denied the allegations.

On December 22, 2022, the People filed a single-count petition alleging minor came within the jurisdiction of the juvenile court pursuant to section 602.  Minor was detained and found ineligible for deferred entry of judgment; he denied the allegations.

---

[1]    Undesignated section references are to the Welfare and Institutions Code.

At the detention hearing, the juvenile court denied minor's request for a "custody downgrade" and set a further hearing to discuss minor's medical needs while in custody.

In March 2023, the juvenile court denied another motion from minor to modify his custody status. The court directed minor and his mother to meet with the medical staff. The court gave minor permission to renew his motion if his medical issues were not resolved.

The juvenile court denied another motion to modify minor's custody status on May 1, 2023. The court also ordered that no further motions to modify minor's custody status be filed without a change in circumstances.

B. *Amended Petition and Disposition*

On September 6, 2023, the People filed a single, amended wardship petition incorporating all of the prior allegations, alleging that minor came within the jurisdiction of the juvenile court pursuant to section 602. The amended petition contained 31 counts, including numerous felonies, firearm offenses, and misdemeanors. The juvenile court determined minor remained ineligible for deferred entry of judgment. The People moved the juvenile court, pursuant to section 707, subdivision (a)(1), to transfer the minor to adult court.

At the settlement conference on October 19, 2023, the initial five petitions were dismissed because they were superseded by the amended petition. Minor waived formal arraignment and the juvenile court ordered the probation department to prepare a social studies report in advance of the section 707, subdivision (a)(1) transfer hearing.

The probation department filed their social studies report and recommendations with the juvenile court on December 29, 2023.

On February 8, 2024, the probation department withdrew their section 707, subdivision (a) motion to transfer minor to adult court. The parties indicated minor intended to enter a plea. The prosecutor recited the factual basis for the plea: In the early morning hours of October 6, 2022, minor and four others walked into a karaoke café

3

armed with semiautomatic handguns. Minor, along with the others, pointed the guns at several people inside the café. They demanded the victims hand over their property, including several hundred dollars in cash and cellular phones.

The juvenile court advised minor of his rights. Minor admitted to robbery as charged in count 18 of the amended petition. Minor also admitted to using a firearm during the commission of the crime (Pen. Code, § 12022.53, subd. (b)). The court accepted the plea and, on the People's motion, dismissed the remaining charges.

The juvenile court specified minor's maximum term of confinement was 13 years and found the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) might apply but further notice to parties was not required because minor was not being placed in foster care. After minor waived a second report from the probation department, the juvenile court made the required findings and ordered minor to serve a baseline term of three years and six months in the Sacramento County Secure Youth Treatment Facility of Valley Oak Youth Academy. The court awarded minor 491 days of predisposition custody credit, issued several stay-away orders, ordered minor to pay restitution to his victims, and set a progress review hearing for August 8, 2024.

Minor appealed from the disposition order.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from minor. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

4

DISPOSITION

The orders of the juvenile court are affirmed.

_____\s\_____,
                                    Krause, J.


We concur:


_____\s\_____,
Duarte, Acting P. J.


_____\s\_____,
Wiseman, J.*

---

\*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.